UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-5860-CAS(AJWx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | KEVIN SPEAR v. KIP CYPRUS; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers:) DEFENDANTS AMY L. CYPRUS, ALAMITOS PROPERTIES, ACN PROPERTIES, SEACLIFF PROPERTIES, INC., AND AVENIDA PROPERTIES INC.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** (filed 2/5/10)

**DEFENDANTS KIP CYPRUS, GAIL CYPRUS, AND EAST END PROPERTIES, INC.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR FAILURE TO PLEAD WITH PARTICULARITY, FAILURE TO STATE A CLAIM AND LACK OF SUBJECT MATTER JURISDICTION** (filed 2/5/10)

**DEFENDANTS BARBARA DARWISH, DAVID DARWISH, GINKO ROSE LP, LOGERM LLC, SAN ESTEBAN FINANCIAL, AND CALLE TRECE, INC.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** (filed 2/4/10)

The Court finds these motions appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of March 8, 2010, is hereby vacated, and the matter is hereby taken under submission.

**I.     INTRODUCTION**

On August 11, 2009 plaintiff Kevin Spear filed a complaint against defendants Kip Cyprus et al. for damages and injunctive relief alleging violation of Racketeer Influenced and Corrupt Organizations Act ("RICO") and unfair competition. On August

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-5860-CAS(AJWx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | KEVIN SPEAR v. KIP CYPRUS; ET AL. | | |

27, 2009, plaintiff filed a first amended complaint ("FAC") alleging the same violations. On November 17, 2009, the Court granted defendants' motions for a more definite statement and to dismiss plaintiff's FAC with leave to amend.  On December 17, 2009, plaintiff filed a second amended complaint ("SAC") alleging defendants (1) violation of RICO 18 U.S.C. § 1961 et al., and (2) unfair competition under California Business & Professions Code § 17200 et al..

On February 4, 2010, defendants Barbara Darwish, David Darwish, Gingko Rose LP, Logerm LLC, San Esteban Financial, and Calle Trece ("Darwish defendats") filed their instant motion to dismiss the SAC.  On February 5, 2010, defendants Kip Cyprus, Gail Cyprus, and East End Properties, Inc. ("Kip Cyprus defendants") filed their instant motion to dismiss the SAC for failure to plead fraud with particularity, failure to state a claim, and lack of subject matter jurisdiction.  On February 5, 2010, defendants Amy L. Cyprus, Alamitos Properties, ACN Properties, Seacliff Properties, Inc., and Avenida Properties, Inc. ("Amy Cyprus defendants") filed their instant motion to dismiss the SAC. On February 5, 2010, defendants Jesse E. Mendoza, Wanda Mendoza, and J&W Properties LP filed a notice of joinder in the Amy Cyprus motion to dismiss, as well as the Darwish motion to dismiss.  On February 16, 2010, defendants Bryan Nadley, Jill Goldberg Nadley, Hedda Goldberg, and JJB Investments, LLC filed a notice of joinder in the Amy Cyprus motion to dismiss, as well as the Darwish motion to dismiss.  On February 17, 2010, defendant Herbert Goldberg filed a notice of joinder in the Amy Cyprus motion to dismiss, as well as the Darwish motion to dismiss.[1]  On February 16, 2010, plaintiff filed oppositions to all three of defendants' motions to dismiss.  On February 22, 2010, Amy Cyprus defendants filed their reply.  On February 28, 2010, Darwish defendants filed their reply.  After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiff alleges that in early 2007, while he was attempting to sell four properties in Corona, Rialto, Fontana, and Riverside, which he had purchased at auction for cash in 2006, he "began to experience a bizarre shift in the way purchase offers were made by

---

[1] The following defendants did not file or join the instant motions: Barton Wander, Jason Goldberg, UCF, LTV Drive, Inc., and Jose Cortez.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                     O

## CIVIL MINUTES - GENERAL

| Case No. | CV09-5860-CAS(AJWx) | Date | March 5, 2010 |
|----------|---------------------|------|---------------|
| Title | KEVIN SPEAR v. KIP CYPRUS; ET AL. | | |

prospective buyers and their agents." SAC ¶ 10.  Plaintiff alleges that the purchase terms requested would have implicated both the buyer and the seller in bank fraud and that the source of these fraud inducing offers appeared to be an organization led by Kip Cyprus and his affiliated companies ("Cyprus Network").[2]  Id.  Plaintiff alleges four incidents, from early 2007 to March 2008, where he received several offers on the Corona property from members of the Cyprus Network either demanding "illegal kickbacks from purchase financing" or "seller's assisted down-payment."[3]  Id. ¶¶ 12-16.  Plaintiff alleges that Cyprus Network's members "devised and executed a scheme and artifice to defraud by fraudulently inducing lenders to provide loans to individuals who did not legitimately qualify for those loans and to fund loans in amounts which exceeded the value of the real property being purchased."  Id. ¶ 24.  Plaintiff further alleges that the Cyprus Network would: (a) use the Multiple Listing Service to identify properties that had been on the market for a long time or were underpriced because the property had already been foreclosed upon; (b) use non-creditworthy straw-buyers to purchase these properties so as to obtain loans in their names once they became owners of record; (c) hire real estate

---

[2] Plaintiff alleges that the Cyprus Network is overseen by the Cyprus family, including Kip Cyprus, Amy Cyprus, and Gail Cyprus, who have control of three active corporations: Seacliff Properties, Inc., East End Properties, Inc., and Avenida Properties, Inc..  SAC ¶ 21.  Plaintiff further alleges that, working in close association with these principle individuals and entities, the other defendants in this action are members of the Cyprus Network—namely, "the Goldberg defendants, the Darwish defendants, Barton Wander, their corporations and limited liability companies, and certain brokers, agents and straw buyers employed by them including Jose and Maria Cortez, Jess and Wanda Mendoza, and Bryan and Jill Nadley."  Id.

[3] Plaintiff alleges that the "seller's assisted down-payment" scheme involves a buyer demanding that the seller provide assistance on the down-payment so as to pay 20% of the purchase price (essentially a reduction in sale price by asking the seller not to protest when only 80% of the sale price is received).  SAC ¶ 15.  Plaintiff further alleges that the buyer, having obtained a seller's agreement that the purchase contract would reflect a 20% reduction advanced as buyer's assistance to the down-payment, would then obtain an FHA-backed loan on the original full sale price and upon being funded the full amount the buyer or buyer's agent, with the collusion of a willing escrow company, would be able to draw the remaining 20% of the loan proceeds out of escrow and pocket the cash.  Id. ¶ 16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-5860-CAS(AJWx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | KEVIN SPEAR v. KIP CYPRUS; ET AL. | | |

appraisers to inflate the value of the property so as to induce lenders to believe that larger loans would be fully secured by the property; (d) prepare and submit false loan applications and verification documents; (e) arrange for kickbacks during the negotiation process; (f) use real estate businesses, escrow companies, and processing companies to facilitate the kickbacks; (g) use straw-buyers that would eventually fail to make the required mortgage payments on the inflated loans and the properties would be foreclosed on; (h) force lenders who obtained FHA-backed loans to apply for reimbursement from the government; and in some instances (i) re-purchase these same foreclosed properties at below-market prices after they were placed back on the market.  Id.

Based on the aforementioned practices, plaintiff alleges that beginning in the early 1990's and continuing through to at least 2008, "the Cyprus Network members did knowingly and intentionally conspire with each other, and with other persons, to violate Title 18 U.S.C. § 1962(c), that is, to conduct and participate, directly and/or indirectly, in the conduct of the Cyprus Network's affairs through a pattern of racketeering activity involving multiple acts in violation of . . . 18 U.S.C § 1344 (bank fraud)."  Id. ¶ 25. Plaintiff further alleges that one telling indicia of the Cyprus Network's scheme was their repeated use of the same straw-buyers for single family purchases.[4]  Id. ¶ 26.

Plaintiff alleges that, beginning in 2008 and continuing for the remainder of the year, he observed that brokers for every potential buyer of his four properties, not merely those associated with the Cyprus Network, would demand that plaintiff agree to the "seller's assisted down payment scheme."  Id. ¶ 17.  Plaintiff alleges that this became the new norm for real estate business transactions in plaintiff's area and his refusal to provide illegal kickbacks rendered his business uncompetitive.  Id. ¶ 28.  Although plaintiff does not allege that his properties were ever sold to anyone who is alleged to be involved in the Cyprus Network, he does allege that the practices employed by the Cyprus Network prevented him from doing business in any rational manner and ultimately forced him to sell his properties at a significant loss in 2009—specifically, "his out-of-pocket loss, considering his real estate purchases in 2006, his rehabilitation costs, and the 2009

---

[4] Plaintiff alleges that a small sample of this is shown by multiple purchases of single-family homes made by: Maria Cardenas (six); David and Ana Contreras (four); Jose Flores (six) and Jose and Maria Garcia (seven).  SAC ¶ 26.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-5860-CAS(AJWx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | KEVIN SPEAR v. KIP CYPRUS; ET AL. | | |

liquidation, was $1,800,000."  Id. ¶ 29.

## III.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.  Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-5860-CAS(AJWx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | KEVIN SPEAR v. KIP CYPRUS; ET AL. | | |

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103-04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enterprises, 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct alleged." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d at 1106 (internal quotation marks and citations omitted). It is not sufficient to merely identify the transaction. Rather "[t]he plaintiff must set forth what is false or misleading about a statement and why it is false." Id. (citations omitted).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III.   ANALYSIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

### CIVIL MINUTES - GENERAL

| Case No. | CV09-5860-CAS(AJWx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | KEVIN SPEAR v. KIP CYPRUS; ET AL. | | |

### A.    Amy Cyprus Defendants' Motion to Dismiss

Defendants argue that "the SAC fails to constitute a valid claim under RICO because it does not and cannot allege the requisite proximate cause required for a valid RICO claim," and because the RICO claim fails, the Court lacks subject-matter jurisdiction over the remaining state-law claim.[5]  Mot. at 2.  Defendants contend that, while § 1964(c) RICO grants a private right of action to "any person injured in his business or property" by reason of a violation of the Act's substantive provisions, such a right of action exists only where the alleged RICO violations are the proximate cause of the plaintiff's injury.  Id. at 6 (citing Anza v. Ideal Steel Supply Corp., 547 U.S. 451 (2006)).[6]  Plaintiff responds that he has adequately pled causation of the RICO claims because the Cyprus Network's fraudulent business practices became so pervasive in the geographic area where plaintiff operated that the nature of the real estate investment business changed as a result.  Opp'n at 2-3.  Plaintiff further argues that the present case is not analogous to Anza, Canyon Country, or Sybersound because the SAC alleges that the same actions by the Cyprus Network constituted fraud on the government and caused him harm,[7] that the cessation of his business altogether "cannot logically be attributable to other factors such as other business competition," and that his harm is not difficult to calculate.  Id. at 4-5.  Defendants reply that "plaintiff has not distinguished this case from the governing analysis in Anza and its Ninth Circuit progeny, Canyon Country and

---

[5] Defendants contend that there is no diversity of citizenship between the parties, so that without the RICO claim, "the Court's basis for supplemental jurisdiction over the remaining state law claim for unfair business practices extinguishes."  Mot. at 15.

[6] Defendants contend that, since Anza came down in 2006, the Ninth Circuit and California District Courts have applied the principles set forth therein to dismiss RICO claims for lack of proximate causation.  Id. at 14 (citing Canyon Country v. Syngenta Seeds, Inc., 519 F.3d 969 (9th Cir. 2008); Sybersound Records, Inc., v. UAV Corp., 517 F.3d 1137 (9th Cir. 2008)).

[7] Plaintiff contends that the "same scheme defrauded both the government when deficiencies were insured or worthless notes acquired, and plaintiff because every potential customer now expected either down payment assistance or mortgage payment assistance as part of the now routine manner of financing homes."  Opp'n at 5.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

CIVIL MINUTES - GENERAL

| Case No. | CV09-5860-CAS(AJWx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | KEVIN SPEAR v. KIP CYPRUS; ET AL. | | |

Sybersound Records, nor can he."  Reply at 7.

### B.    Kip Cyprus Defendants' Motion to Dismiss

Defendants argue that, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), plaintiff's SAC should be dismissed because (1) plaintiff's RICO claim is barred as a matter of law since plaintiff does not have standing;[8] (2) plaintiff has failed to plead the underlying predicate acts of bank fraud with the specificity required by Fed. R. Civ. P. 9(b);[9] and (3) under substantive law plaintiff has failed to state a claim for a RICO violation under 18 U.S.C. § 1962(d).[10]  Mot. at 1.  Defendants further argue that, because plaintiff has failed to state a RICO claim, there is no federal question jurisdiction over the complaint and therefore his pendant state-law claim, under Cal. Bus. & Prof. Code § 17200 et seq., also must be dismissed.  Id.  Plaintiff responds similarly to his opposition to Amy Cyprus defendants' motion to dismiss by contending that the present case is not analogous to Anza.  Opp'n at 3-6.  Plaintiff further contends that he can, if required at the pleading stage in order to comply with Fed. R. Civ. P. 9(b), list particular transactions in which defendants were involved in the apparent fraud.  Id. at 7.  Moreover, plaintiff concedes a curable omission in the pleadings, whereby SAC ¶ 32 should additionally have cited 18

---

[8] Defendants contend that plaintiff  has not alleged the requisite injury to "business of property" because speculative injuries do not serve to confer standing under RICO. Mot. at 7 (citing Steele v. Hospital Corp. of America, 36 F.3d 67, 70 (9th Cir. 1994)). Defendants also contend that "defendants' alleged predicate acts against third parties could not have proximately caused his asserted lost profits."  Id. at 10 (citing Anza, 547 U.S. at 448-462).

[9] Defendants argue that plaintiff has failed to meet the particularity standard of 9(b) because plaintiff must do more than offer conclusory allegations that defendants committed bank fraud.  Id. at 18 (citing In re All Terrain Vehicle Litigation, 978 F.2d 1265, at *2 (9th Cir. 1992)).

[10] Defendants argue that the SAC relies solely on bank fraud to supply the predicate acts necessary to sustain liability under § 1962 and that "it is well settled that only financial institutions have standing to allege violations of bank fraud under 18 U.S.C. § 1344 as predicate acts for RICO purposes." Mot. at 19 (citing Best Deals on TV, Inc. v. Naveed, 2007 WL 2825652, at *10 (N.D. Cal. Sept. 26, 2007)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-5860-CAS(AJWx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | KEVIN SPEAR v. KIP CYPRUS; ET AL. | | |

U.S.C. §§ 1341, 1343. Id. Plaintiff contends that the activities alleged in SAC ¶ 24, subsections (c) and (d), constitute mail and wire fraud under 18 U.S.C. §§ 1341, 1343, which ultimately resulted in the bank fraud referenced at SAC ¶ 32. Id. (citing Carpenter v. United States, 484 U.S. 19, 27 (1987)).

### C     Darwish Defendants' Motion to Dismiss

Defendants argue that "there are no allegations, whatsoever, that allege that any of the Darwish defendants had any transactions with any other defendants named in the SAC, nor does the SAC identify the transactions, acts, or occurrences, or how, when, or where, any of the Darwish defendants engaged in, any of the activities or occurrences alleged." Mot. at 6. Plaintiff responds that the SAC "is replete with specific factual allegations, including those in paragraphs 21-26, concerning the specific actions of the defendants including the Darwishes and their entities." Opp'n at 3. Moreover, plaintiff contends that, if required at the pleading stage, he can list the particular transactions in which the Darwish defendants were involved in the apparent fraud. Id. Defendants reply that "there is not one factual allegation in the SAC to which any of the Darwish defendants could respond or by which the plaintiff could state a claim for relief from any of the Darwish defendants" and "plaintiff does not have a valid, supportable, factual allegation to make, or he would already have made it." Reply at 3-4.

### D.     Discussion

All three groups of defendants, as well as those who filed joinders, move to dismiss plaintiff's SAC on similar grounds. Amy Cyprus defendants contend that plaintiff has failed to establish RICO standing; Kip Cyprus defendants make the same contention, as well as arguing that plaintiff has failed to meet the specific pleading requirements of Fed. R. Civ. P. 9(b); and Darwish defendants contend that plaintiff has failed to make allegations against the Darwish defendants upon which relief can be granted. The Court finds that defendants' arguments have merit and concludes that, in order to adequately plead a RICO claim, plaintiff must amend his pleadings in compliance with the RICO case statement set forth below.

The RICO case statement shall include the facts plaintiff is relying upon to initiate this RICO claim as a result of the "reasonable inquiry" required by Rule 11 of the Federal Rules of Civil Procedure. In particular, this statement shall be in a form which uses the

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-5860-CAS(AJWx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | KEVIN SPEAR v. KIP CYPRUS; ET AL. | | |

numbers and letters as set forth below, and shall state in detail and with specificity the following information.

1.    State whether the alleged unlawful conduct is in violation of 18 U.S.C. § 1962(a), (b), (c), and/or (d).

2.    List each defendant and state the alleged misconduct and basis of liability of each.

3.    List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.

4.    List the alleged victims and state how each victim was allegedly injured.

5.    Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim.  A description of the pattern of racketeering shall include the following information:

    a.    List the alleged predicate acts and the specific statutes which were allegedly violated;

    b.    Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;

    c.    If the RICO claim is based on the predicate offense of fraud, the "circumstances constituting fraud . . . shall be stated with particularity."  Fed. R. Civ. P. 9(b).  Identify the time, place and contents of the alleged misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made;

    d.    State whether there has been a criminal conviction for violation of the predicate acts;

    e.    State whether civil litigation has resulted in a judgment with respect to the predicate acts;

    f.    Describe how the predicate acts form a "pattern of racketeering activity"; and

    g.    State whether the alleged predicate acts relate to each other as part of a common plan.  If so, describe in detail.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                O

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-5860-CAS(AJWx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | KEVIN SPEAR v. KIP CYPRUS; ET AL. | | |

6.   Describe in detail the alleged enterprise for the RICO claim.  A description of the enterprise shall include the following information:

    a.   State the names of the individuals, partnerships, corporations, associations, or other legal entities, which allegedly constitute the enterprise;

    b.   Describe the structure, purpose, function and course of conduct of the enterprise;

    c.   State whether any defendants are employees, officers or directors of the alleged enterprise;

    d.   State whether any defendants are associated with the alleged enterprise;

    e.   State whether you are alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise; and

    f.   If any defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

7.   State and describe in detail whether you are alleging that the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

8.   Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity.  Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

9.   Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.

10.   Describe the effect of the activities of the enterprise on interstate or foreign commerce.

11.   If the claim alleges a violation of 18 U.S.C. § 1962(a), provide the following information:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-5860-CAS(AJWx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | KEVIN SPEAR v. KIP CYPRUS; ET AL. | | |

      a.    State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and

      b.    Describe the use or investment of such income.

12.    If the claim alleges a violation of 18 U.S.C. § 1962(b), describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise.

13.    If the claim alleges a violation of 18 U.S.C. § 1962(c), provide the following information:

      a.    State who is employed by or associated with the enterprise; and

      b.    State whether the same entity is both the liable "person" and the "enterprise" under § 1962(c).

14.    If the claim alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

## IV.   CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS Amy Cyprus defendants' motion to dismiss, Kip Cyprus defendants' motion to dismiss, and Darwish defendants' motion to dismiss the SAC with leave to amend. Plaintiff is directed to file an amended complaint within 30 days, which explicitly complies with the RICO case statement guidelines set forth above.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |